**Electronically Filed
Intermediate Court of Appeals
30594
26-APR-2011
08:23 AM**

NO. 30594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, As Trustee
for the BNC MORTGAGE LOAN TRUST 2006-2,
Plaintiff-Appellee,

v.

AVELINA SALVACION, Defendant-Appellant,

and

JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 09-1-0007)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

In an appeal arising out of a foreclosure action, Defendant-Appellant Avelina Salvacion (Salvacion) appeals from three orders of the Circuit Court of the Fifth Circuit (circuit court):[1] (1) an order dated June 2, 2010 denying Salvacion's Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b) motion to set aside a September 3, 2009 judgment on a decree of foreclosure;

---

[1] The Honorable Randal G. B. Valenciano presided.

(2) an order dated July 1, 2010 granting Plaintiff-Appellee U.S. Bank National Association's (U.S. Bank) motion to confirm the sale of the foreclosed property; and (3) an order dated July 12, 2010 granting Salvacion's emergency motion for stay pending appeal contingent upon Salvacion paying a *supersedeas* bond in the amount of $693,805.34.

Salvacion presents three points of error on appeal, which we summarize as follows. First, Salvacion asserts that the circuit court erroneously granted U.S. Bank's motion for confirmation of the foreclosure sale, in light of the alleged fraud committed against Salvacion in the underlying mortgage transaction and the alleged gross professional misconduct of Salvacion's prior attorney. Second, Salvacion asserts that the circuit court abused its discretion in denying her HRCP Rule 60(b) motion to set aside the September 3, 2009 judgment and decree of foreclosure. In particular, Salvacion contends that in denying her request for Rule 60(b)(6) relief the circuit court erroneously misapplied a three-part test normally reserved for setting aside default judgments. Third, Salvacion asserts that the circuit court committed an abuse of discretion in requiring her to post a *supersedeas* bond in the amount of $693,805.34 in order to obtain a stay pending appeal, an amount she contends is excessive.

After a careful review of the record and the briefs submitted, having given due consideration to the arguments advanced and the issues raised in this appeal, and for the reasons set forth below, we conclude that the circuit court did not properly exercise its discretion in addressing Salvacion's HRCP Rule 60(b) motion to set aside the September 3, 2009 judgment. Specifically, with regard to the relief sought under HRCP Rule 60(b)(6), the circuit court applied an incorrect legal standard and thus we remand on this issue alone. We affirm the

2

circuit court's denial of the relief sought under subsections (1) and (4) of HRCP Rule 60(b).

As to the other points of Salvacion's appeal, we do not have jurisdiction over Salvacion's appeal of the circuit court's July 1, 2010 order confirming the judicial foreclosure sale. Moreover, we conclude that the circuit court did not commit an abuse of discretion in its setting of the *supersedeas* bond for purposes of granting Salvacion's emergency motion for stay pending appeal. However, given our ruling as to the HRCP Rule 60(b)(6) motion, we direct that further proceedings related to the foreclosure be stayed pending the circuit court's further ruling on the HRCP Rule 60(b)(6) motion.

## I. Background

On August 3, 2006, Salvacion executed a promissory note to BNC Mortgage, Inc. for four-hundred fifty thousand dollars ($450,000). The promissory note was secured by a mortgage on real property located at 672 Akalei Street, Eleʻele, Kauaʻi, Hawaiʻi. The $450,000 was applied to what remained of the debt on Salvacion's existing mortgage, and Salvacion received the balance of the proceeds after closing costs.

At some point thereafter, U.S. Bank acquired all rights, title, and interest in the promissory note and mortgage and is the current holder of both the promissory note and the mortgage. Salvacion allegedly failed to honor the payments due under the note, and, on December 17, 2007, U.S. Bank notified Salvacion that she was in default of her loan obligation.

### A. Circuit Court Proceedings

As a result of Salvacion's default on the payments owed under the note, U.S. Bank filed a complaint in the circuit court on January 15, 2009 seeking to foreclose upon the property. In order to defend herself in the foreclosure action, Salvacion employed the services of an attorney (hereafter "prior counsel"),

3

who, according to Salvacion, claimed to specialize in mortgage issues. However, Salvacion asserts her prior counsel allegedly did nothing to assist with her defense in the foreclosure action. Salvacion asserts, without contradiction in the record, that her prior counsel apparently tried to file an answer on her behalf in the wrong judicial circuit, did not file any opposition to U.S. Bank's Motion for Summary Judgment and for Decree of Foreclosure, and then appeared telephonically without permission at the summary judgment hearing. The circuit court ruled that the misfiled answer would not be recognized. The circuit court further granted U.S. Bank's Motion for Summary Judgment and Decree of Foreclosure, explaining that Salvacion's prior counsel could file a motion for reconsideration. Prior counsel did not file a reconsideration motion. Prior counsel also did not file a notice of appeal from the foreclosure judgment entered on September 3, 2009.

On December 4, 2009, a court appointed commissioner conducted a foreclosure auction of Salvacion's home. The only party in attendance and successful bidder at the auction was U.S. Bank, which placed a single bid of $430,000. On January 22, 2010, U.S. Bank filed a motion for confirmation of the foreclosure sale.

**B. Alleged Fraud in the Underlying Mortgage Transaction**

On February 24, 2010, Salvacion's new counsel entered an appearance in the case. For the first time, Salvacion's new counsel asserted to the circuit court that gross fraud had allegedly been committed against Salvacion in the underlying mortgage transaction. Salvacion's new counsel filed both a memorandum in opposition to U.S. Bank's confirmation motion as well as a HRCP Rule 60(b) motion to set aside the foreclosure judgment. Attached to both motions was a copy of Salvacion's

4

declaration outlining the alleged fraud that occurred in the underlying mortgage transaction.

In her uncontested declaration, Salvacion stated in relevant part:

> 3. In August of 2006, at the direction of mortgage broker, James Lull of U.S. Financial Mortgage Corp. (an unlicensed brokerage), I obtained a home refinance loan from BNC Mortgage, Inc. in the amount of $450,000. . . .
>
> . . . .
>
> 7. Mr. Lull further induced me as part of the agreement to transfer $72,000 of the proceeds to him as a short term loan, which he explained would be used to help others qualify for loans, and I would earn an easy profit. Mr. Lull promised me that he would return the money in two days along with an additional payment of $5,000.00, which as Mr. Lull explained to me would further help me to make the high monthly payments on the loan until such time as my property value increased and the loan could be refinanced.
>
> . . . .
>
> 9. Mr. Lull, who not only received a substantial commission as broker to the transaction, did not return my $72,000.00 in proceeds as promised, nor did he pay me the promised additional $5,000.00.
>
> . . . .
>
> 12. Mr. Lull was later indicted in Federal District Court, and on September 16, 2008 pled guilty to defrauding clients and investors, including myself, out of more than $30 million in what was discovered to be a Ponzi scheme . . . As one of the victims of Mr. Lull, I received several letters regarding the Federal Court criminal case from the United States Attorney [prosecuting the case.]
>
> 13. I understand that Mr. Lull failed to appear for his sentencing hearing in May of 2009, and was found dead on May 14, 2009, having apparently committed suicide in Washington State[.]
>
> . . . .

On March 25, 2010, the circuit court announced that it would grant confirmation of the sale, and it later entered its order on July 1, 2010.

## C.   Salvacion's HRCP Rule 60(b) Motion and Hearing

On March 29, 2010, Salvacion filed a motion to set aside the foreclosure judgment pursuant to HRCP Rule 60(b).  The motion was filed within one year of the circuit court's September 3, 2009 judgment on the decree of foreclosure.

On April 29, 2010, the circuit court held a hearing on Salvacion's Rule 60(b) motion.  At the hearing, the circuit court orally denied the motion, apparently rejecting all of Salvacion's arguments.  With regard to Salvacion's request for the relief provided under subsection (6) of Rule 60(b), the circuit court applied a three-part test usually reserved for setting aside default judgments:

> THE COURT: There are certain requirements for a 60(b)(6) type analysis to occur, and one is that the non-defaulting party will not be prejudiced by the reopening; two is the defaulting party has a meritorious defense; and three is that the default will not result -- was not the result of inexcusable neglect or willful act.
>
> . . . .
>
> So the question I have is how does the first factor not prevent the Court's ruling on a 60(b)(6) analysis?

The circuit court thereafter entered its order denying Salvacion's HRCP Rule 60(b) motion on June 2, 2010.

## D.   Instant Appeal

On July 1, 2010, Salvacion filed a notice of appeal from (1) the circuit court's July 1, 2010 order granting U.S. Bank's motion to confirm the sale of the foreclosed property, and (2) the June 2, 2010 order denying Salvacion's HRCP Rule 60(b) motion to set aside the September 3, 2009 foreclosure judgment.

Salvacion thereafter filed a motion for stay pending appeal in the circuit court, which the circuit court granted contingent upon the posting of a *supersedeas* bond in the amount of $693,805.34.  On July 26, 2010 Salvacion filed a supplement to

6

the notice of appeal, also appealing the circuit court's order regarding her motion for emergency stay. Apparently unable to post the bond, Salvacion filed a subsequent motion for an emergency stay in this court pursuant to Hawai‘i Rules of Appellate Procedure (HRAP) Rule 8. On August 19, 2010, this court issued an order denying Salvacion's emergency motion for stay.

## II. Standards of Review

### A. Denial of a HRCP Rule 60(b) Motion

The Hawai‘i Supreme Court has articulated the following standard of appellate review to be applied to a trial court's denial of a HRCP Rule 60(b) motion to set aside a judgment:

> It is well settled that the trial court has a very large measure of discretion in passing upon motions under [Hawai‘i Rules of Civil Procedure (HRCP)] Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.

Hawai‘i Hous. Auth. v. Uyehara, 77 Hawai‘i 144, 147, 883 P.2d 65, 68 (1994) (brackets in original) (quoting Paxton v. State, 2 Haw. App. 46, 48, 625 P.2d 1052, 1054 (1981)).

However, with respect to motions under HRCP Rule 60(b)(4), alleging that a judgment is void, this court has noted:

> [t]he determination of whether a judgment is void is not a discretionary issue. It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law. Wright & Miller, Federal Practice and Procedure: *Civil* § 2862 (1973).

Citicorp Mortg., Inc. v. Bartolome, 94 Hawai‘i 422, 428, 16 P.3d 827, 833 (App. 2000) (quoting In re Hana Ranch Co., 3 Haw. App 141, 146, 642 P.2d 938, 941 (1982)) (mortgagor's claim they had been fraudulently induced into refinancing their home was not grounds for vacating the judgment). Moreover, "[i]n the sound interest of finality, the concept of void judgment must be

narrowly restricted." Id. (internal quotation marks and citation omitted).

### B. Motion for Stay Pending Appeal

With regard to a circuit court's authority to determine a *supersedeas* bond upon granting a stay pending appeal, the Hawai'i Supreme Court has noted:

> The determination of the amount of a supersedeas bond which will be sufficient to protect the rights of an appellee is committed to the sound discretion of the circuit court, but this discretion is not unlimited. Moreover, the bond requirement may not be used to discourage appeals.

Midkiff v. de Bisschop, 58 Haw. 546, 550, 574 P.2d 128, 131 (1978) (*per curiam*) (citation omitted).

### III. Discussion

### A. Salvacion's HRCP Rule 60(b) Motion to Set Aside the Judgment and Decree of Foreclosure

HRCP Rule 60(b) (2006) authorizes a court to set aside a judgment in a civil case for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

HRCP Rule 60(b) further provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

In the instant case, Salvacion filed her motion to set aside the judgment pursuant to HRCP Rule 60(b) within one year of the circuit court's September 3, 2009 judgment on the decree of foreclosure. Under subsection (1) of HRCP Rule 60(b), Salvacion

8

argued below that the circuit court should set aside the judgment due to "excusable neglect" as the judgment on the decree of foreclosure was due to the ineffective assistance of her prior counsel. Salvacion also argued that because the underlying mortgage transaction was the product of fraud, the circuit court's judgment on the decree of foreclosure was void within the meaning of subsection (4). Alternatively, Salvacion urged the circuit court to set aside the judgment under the catch-all provision of subsection (6) because of, *inter alia*, the gross negligence of her prior counsel, and so that she has an opportunity to present her case on the merits.

1.     **The Circuit Court Did Not Abuse Its Discretion in Denying Salvacion's Motion Based on "Excusable Neglect" under HRCP Rule 60(b)(1)**

On appeal, Salvacion argues that the circuit court abused its discretion in not granting her motion to set aside the judgment due to "excusable neglect" under HRCP Rule 60(b)(1). Salvacion reasons that her "reliance on [prior counsel]'s representation was reasonable, and her failure to defend against the summary judgment based upon such reliance clearly amounts to mistake, inadvertence, surprise, or excusable neglect." The general rule is that the neglect of a party's attorney will be imputed to the party for purposes of a motion for relief from judgment on grounds of excusable neglect. See, e.g., Carroll v. Abbott Labs., Inc., 32 Cal.3d 892, 898 (1982). Hawai'i case law is consistent with this principle. See Isemoto Contracting Co. v. Andrade, 1 Haw. App. 202, 204, 616 P.2d 1022, 1025 (1980) (carelessness of counsel is not grounds for relief under HRCP Rule 60(b)(1)). Accordingly, in order to obtain relief for ineffective assistance of counsel under subsection (1), a party must demonstrate that her counsel's negligence was excusable within the meaning of the rule.

9

In the instant case, Salvacion presented no evidence excusing her prior counsel's neglect. Accordingly, the circuit court did not abuse its discretion in denying Salvacion's HRCP Rule 60(b) motion to the extent that it was based on "excusable neglect" within the meaning of subsection (1).

2. **The Circuit Court did not Err in Denying Salvacion's Motion on Grounds that the Judgment was "Void" Pursuant to HRCP Rule 60(b)(4)**

This court has noted that "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Bartolome, 94 Hawai'i at 428, 16 P.3d at 833 (quoting In re Hana Ranch Co., 3 Haw. App. at 146, 642 P.2d at 941-42). Salvacion argues that the circuit court's judgment on the decree of foreclosure is "void" within the meaning of HRCP Rule 60(b)(4), in light of the alleged fraud and deceptive practices committed in the underlying mortgage transaction. Relying on HRS § 480-12 (2008 Repl.), Salvacion asserts that the "underlying mortgage loan in this case involved numerous unfair and deceptive acts and practices, as well as gross criminal fraud, each of which legally nullify the underlying mortgage loan agreement, rendering it unenforceable by any Court[.]"

In Bartolome, the appellants made a similar argument. This court, however, was unpersuaded:

> we question whether Appellants properly brought their TILA and HRS ch. 480 issues under HRCP Rule 60(b)(4). That subsection applies only where the trial court lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law. A determination under those laws that the note and mortgage were void and unenforceable, as Appellants urge, would not oust personal or subject matter jurisdiction. If it did, then the trial court would be *ipso facto* without jurisdiction to grant Appellants their relief.

Id. at 434, 16 P.3d at 839 (citation and quotation marks omitted). The reasoning in Bartolome controls this issue. Accordingly, the circuit court did not err in denying Salvacion's HRCP Rule 60(b) motion to the extent it asserted that the judgment was void within the meaning of subsection (4).

### 3. Exceptional Circumstances: Salvacion's Claim under the "catch-all" provision of HRCP Rule 60(b)(6)

As this court has noted, "HRCP Rule 60(b)(6) permits the court in its sound discretion to relieve a party from a final judgment for 'any other reason justifying relief from the operation of the judgment.'" Isemoto Contracting, 1 Haw. App. at 205, 616 P.2d at 1025. "HRCP Rule 60(b)(6) provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances." Uyehara, 77 Hawai'i at 148, 883 P.2d at 69 (citations, internal quotation marks, and brackets omitted). "To qualify for relief under HRCP 60(b)(6), the motion must be based upon some reason other than those stated in clauses (1)-(5)." Id. (citation and internal quotation marks omitted).

Salvacion's HRCP Rule 60(b)(6) claim was premised in large measure on the alleged gross negligence of her prior counsel. Under a system where an attorney's neglect is imputed to the client, a claim of gross negligence on the part of counsel is in essence a claim of inexcusable neglect and thus fundamentally distinct from a claim of excusable neglect within the meaning of Rule 60(b)(1). "[W]hen an attorney's neglect is gross and inexcusable courts have held that relief may be justified under Rule 60(b)(6)." Uyehara, 77 Hawai'i at 149, 883 P.2d at 70 (quoting Chang v. Smith, 778 F.2d 83, 85 (1st Cir. 1985)); see also Isemoto Contracting, 1 Haw. App. at 205-06, 616 P.2d at 1025-26 (analyzing a claim of inexcusable attorney neglect under HRCP Rule 60(b)(6)); Fuller v. Quire, 916 F.2d 358, 361 (6th Cir. 1990) (inexcusable neglect does not fall within the

ambit of Rule 60(b)(1)); Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976 (3rd Cir. 1978). Accordingly, Salvacion's claim for relief premised on the gross negligence of her prior counsel was properly brought under HRCP Rule 60(b)(6).

The question, then, is whether the circuit court abused its discretion in applying the three-part test typically reserved for setting aside default judgments in denying Salvacion's HRCP Rule 60(b)(6) claim. With regard to the standard for a trial court to employ in exercising its discretion under HRCP Rule 60(b)(6), this court has noted that subsection (6) provides for "extraordinary relief and is only invoked upon a showing of exceptional circumstances." Isemoto Contracting, 1 Haw. App. at 205, 616 P.2d at 1025 (citations omitted); see also City and County of Honolulu v. Bennett, 2 Haw. App. 180, 183, 627 P.2d 1136, 1139 (1981) (in order to get relief under HRCP Rule 60(b)(6) based on the gross negligence of counsel, the movant must demonstrate "extreme aggravation with respect to the conduct of counsel.") Moreover, "[a] party seeking relief under HRCP Rule 60(b)(6) after the time of appeal has run must establish the existence of 'extraordinary circumstances' that prevented or rendered him unable to prosecute an appeal." Uyehara, 77 Hawaiʻi at 148-49, 883 P.2d at 69-70 (citation and internal quotation marks omitted).

There are at least three published Hawaiʻi cases analyzing the denial of an appellant's motion to set aside a judgment in a civil case due to the alleged misconduct or negligence of counsel under HRCP Rule 60(b)(6). In Uyehara, the Hawaiʻi Supreme Court addressed a trial court's denial of a HRCP Rule 60(b)(6) motion made more than three years after the entry of judgment. 77 Hawaiʻi at 149, 883 P.2d at 70. The appellant argued that his counsel's failure to obtain his consent in settling the case constituted gross and inexcusable neglect such

that it amounted to an exceptional circumstance warranting relief under Rule 60(b)(6). <u>Id.</u> at 150, 883 P.2d at 71. The Hawai'i Supreme Court disagreed. In addition to holding that the motion was untimely and properly denied, the court found that the appellant had ratified the settlement agreement by trying to enforce it. <u>Id.</u> at 151, 883 P.2d at 72. Accordingly, the court stated "[w]e need not, therefore, decide whether [counsel]'s failure to obtain [appellant]'s express consent constituted gross and inexcusable neglect inasmuch as [appellant] subsequently ratified the settlement." <u>Id.</u>

This court has also addressed two cases in which the alleged misconduct or negligence of counsel was asserted as grounds for vacating a judgment under HRCP Rule 60(b)(6). In <u>Isemoto Contracting</u>, we held that counsel's alleged failure to raise compulsory counterclaims was not an exceptional circumstance warranting relief under Rule 60(b)(6). 1 Haw. App. at 206, 616 P.2d at 1026. Likewise, a year later in <u>Bennett</u>, we held that the alleged failure of counsel to present certain evidence at a civil trial did not warrant relief under HRCP Rule 60(b)(6).[2] 2 Haw. App at 183, 627 P.2d at 1139. We reasoned:

> It might be that a case could arise of such extreme aggravation with respect to the conduct of counsel that a trial court, in its discretion, would set aside a judgment in a civil case under Rule 60(b)(6). There is nothing in this record to reflect that there were such aggravated circumstances; that counsel was, in fact, ineffective; or that the court below, in any way, abused its discretion in denying the motions under appeal.

<u>Id.</u>; <u>see also</u> <u>Fuller</u>, 916 F.2d at 361 (after considering the broad equities of the case, appellate court held that the trial judge properly granted the plaintiff relief under Federal Rules

---

[2] In both <u>Isemoto Contracting</u> and <u>Bennett</u>, there had been a trial and then an HRCP Rule 60(b) motion to vacate judgment. "Generally, relief granted under HRCP Rule 60(b) has been confined to those cases where either a default judgment or dismissal has been entered, reflecting a historical preference for cases to be decided in a trial on their substantive merits." <u>Isemoto Contracting</u>, 1 Haw. App. at 205, 616 P.2d at 1025 (citation omitted).

of Civil Procedure (FRCP) Rule 60(b)(6) for the inexcusable misconduct of his attorney); <u>Boughner</u>, 572 F.2d at 978 (summary judgments were vacated under FRCP Rule 60(b)(6) due to the gross neglect of parties' prior attorney).

In the instant case, the undisputed facts presented to the circuit court were:  Salvacion employed the assistance of an attorney to defend her in the foreclosure lawsuit; her prior counsel filed an answer to U.S. Bank's complaint in the wrong judicial circuit and therefore it was not recognized by the circuit court; her prior counsel did not file any opposition to U.S. Bank's Motion for Summary Judgment and decree of foreclosure, and appeared telephonically without permission at the summary judgment hearing; after the circuit court granted U.S. Bank's Motion for Summary Judgment, Salvacion's prior counsel failed to file a motion for reconsideration despite the circuit court's specific invitation to do so; prior counsel did not file a notice of appeal from the HRCP Rule 54(b) judgment entered on September 3, 2009; prior counsel failed to inform Salvacion of the circuit court's judgment on the decree of foreclosure until the court-appointed commissioner attempted to hold an open house in preparation for the judicial foreclosure sale.

In addressing the Rule 60(b)(6) aspect of Salvacion's motion, the circuit court did not apply the legal standard of whether there were "exceptional circumstances" warranting the extraordinary relief available under HRCP 60(b)(6).  Rather, a review of the transcript reveals that the circuit court instead applied a three-part test usually reserved for setting aside default judgments:[3]

_____

[3]  We note that, even in applying the three-part test applicable to default judgments, the circuit court misconstrued the first part of the test regarding prejudice to the nondefaulting party due to reopening of a case.  As
(continued...)

> THE COURT: There are certain requirements for a 60(b)(6) type of analysis to occur, and one is that the non-defaulting party will not be prejudiced by the reopening; two is the defaulting party has a meritorious defense; and three is that the default will not result -- was not the result of inexcusable neglect or willful act.
>
> . . . .
>
> So the question I have is how does the first factor not prevent the Court's ruling on a 60(b)(6) analysis?

In this case, there was no default judgment. Therefore, under Isemoto Contracting, Uyehara and Bennett, the proper legal standard to address the alleged gross misconduct of Salvacion's prior counsel was whether there were "exceptional circumstances" warranting the extraordinary relief available under HRCP Rule 60(b)(6). Because the circuit court failed to apply the correct legal standard, we vacate that portion of the circuit court's order denying relief under HRCP Rule 60(b)(6) and remand the case back to the circuit court to determine whether Salvacion demonstrated exceptional circumstances sufficient to warrant relief from the foreclosure judgment under HRCP Rule 60(b)(6). In addressing this issue on remand, the circuit court may allow further briefing and a further hearing as it deems appropriate.

**B.   The Circuit Court's July 1, 2010 Order Confirming the Sale of the Foreclosed Property**

The circuit court's July 1, 2010 order granting U.S. Bank's motion to confirm the sale of the foreclosed property is not an appealable order. HRS § 667-51(a)(2) (Supp. 2010) authorizes a party in a foreclosure action to assert an appeal

---

[3](...continued)
explained in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976), "[t]he mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening."

from a judgment on a decree of foreclosure.[4]  However, HRS § 667-51(a)(2) does not authorize the appeal from the order confirming the sale of foreclosed property in this case.  The circuit court has not reduced the July 1, 2010 order to a separate HRCP Rule 54(b) certified judgment, as set forth in HRS § 667-51(a)(2).

The July 1, 2010 order granting U.S. Bank's motion to confirm the sale of the foreclosed property is also not appealable pursuant to HRS § 641-1(a) (Supp. 2010), a statute of more general application that authorizes appeals from "final judgments, orders, or decrees[.]"  In its application of HRS § 641-1(a) to foreclosure cases, the Hawaiʻi Supreme Court has noted that an appeal from "matters subsequent to the foreclosure decree, such as the confirmation of sale . . . have to wait until entry of the circuit court's final order in the case." Beneficial Haw., Inc. v. Casey, 98 Hawaiʻi 159, 165, 45 P.3d 359,

---

[4]    **[§ 667-51] Appeals.**  (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:

    (1)    A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;

    (2)    <u>A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure</u>; and

    (3)    A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

(Emphasis added.)

365 (2002) (citation omitted). The July 1, 2010 order confirming the sale of the foreclosed property contemplates the possible entry of other orders and also indicates a likely deficiency, and is therefore not the last and final order in this foreclosure case. Consequently, the July 1, 2010 order confirming the sale of the foreclosed property is not an appealable order under either HRS § 641-1(a) or HRS § 667-51(a)(2).

C.  **The Circuit Court's July 12, 2010 Order Granting Salvacion's Emergency Motion for Stay Pending Appeal**

As we previously noted in denying Salvacion's motion for emergency stay brought pursuant to HRAP Rule 8, Salvacion fails to demonstrate that the circuit court abused its discretion in setting a *supersedeas* bond in the amount of $693,805.34.[5] The amount of a bond sufficient to protect the rights of an appellee is committed to the sound discretion of the trial court. Midkiff, 58 Haw. at 550, 574 P.2d at 131. A court has the inherent discretion and power to allow for flexibility on the determination of the nature and extent of the security required to stay execution of a judgment pending appeal and can allow an alternative to a *supersedeas* bond. Shanghai Inv., Co. v. Alteka Co., 92 Hawai'i 482, 503, 993 P.2d 516, 537 (2000), *overruled on other grounds by* Blair v. Ing, 96 Hawai'i 327, 31 P.3d 184 (2001). However, the burden to provide a secure alternative rests on the judgment debtor. Id. (citation omitted).

In the instant case, Salvacion sought the stay by offering monthly rental payments during the pendency of the appeal as security, while she remained in possession of the property. Further Salvacion rejected the circuit court's

---

[5] In her briefings to this court, Salvacion asserts that a single judge of this court denied her motion for a stay and that she is entitled to have a full panel of this court review the issue on appeal. Salvacion's assertion, however, is erroneous. A full three-judge panel of this court considered the motion as indicated in footnote 1 of our August 19, 2010 Order.

suggested alternative of a lower *supersedeas* bond, along with rental payments.  Under these circumstances, we cannot conclude that the circuit court abused its discretion in granting the stay conditioned on a *supersedeas* bond of $693,805.34.  Accordingly, we affirm the circuit court's July 12, 2010 order granting Salvacion's emergency motion for stay pending appeal.

### IV. Conclusion

For the aforementioned reasons, with regard to the circuit court's June 2, 2010 order denying Salvacion's request for HRCP Rule 60(b) relief, we affirm the circuit court's denial of relief under subsections (1) and (4), but remand for further proceedings on Salvacion's claim for relief under the catch-all provision of subsection (6).  We also affirm the circuit court's July 12, 2010 order granting Salvacion's emergency motion for stay pending appeal.

Given our ruling as to the HRCP Rule 60(b)(6) issue, further proceedings as to the foreclosure shall be stayed pending the circuit court's ruling on the HRCP Rule 60(b)(6) issue on remand.

DATED: Honolulu, Hawai'i, April 26, 2011.

Gary Victor Dubin
Frederick J. Arensmeyer
Benjamin R. Brower
Lila C. A. King
(Dubin Law Offices)
for Defendant-Appellant

Chief Judge

Robert E. Chapman
Reginald K.T. Yee
Katie L. Lambert
(Clay Chapman Iwamura
   Pulice & Nervell)
for Plaintiff-Appellee

Associate Judge

Associate Judge

18